UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X  NOT FOR PUBLICATION
SYLVIA ROLLE,

                      Plaintiff,

        -against-  DECISION AND ORDER

JAMAL BRYANT; GISELE BRYANT,  14-CV-5906 (WFK) (LB)

                    Defendants.
------------------------------------------------------------X
**WILLIAM F. KUNTZ, II, United States District Judge:**

On October 8, 2014, *pro se* Plaintiff Sylvia Rolle filed this action against Defendants Jamal Bryant and Gisele Bryant. Plaintiff paid the requisite filing fee to commence this action. For the reasons set forth below, the Complaint is dismissed.

## FACTUAL BACKGROUND

Plaintiff's statement of claim consists of the following: "[t]he claim arose due to both defendants' non-compliance and failure to cease eavesdropping, wiretapping and video surveillance devices according to a warrant set forth by a Justice of a court's." Dkt. 1 ("Compl.") ¶ 3. Plaintiff further alleges that "Defendant un-lawfully install[ed] plaintiff with the devices of eavesdropping, wiretapping and video surveillance," and that "[b]oth defendants[] install[ed] an imaging device to view, broadcast, plaintiff in the bedroom, changing room, restroom, toilet, hotel, bathroom, and shower without plaintiff['s] knowledge and also consent. *Id.* at 3, 8.[1] As a result, Plaintiff alleges that her image has been broadcast to other individuals and that she has been a victim of real estate theft, identity theft, elder abuse and social security, disability, medicare and medicaid fraud "due to eavesdropping and video surveillance." *Id.* at

---

[1] The Court relies on the page numbers assigned by the Electronic Case Filing ("ECF") system to Plaintiff's un-paginated Complaint for ease of reference.

10-12.

## LEGAL STANDARD

In reviewing the Complaint, the Court is mindful that Plaintiff is proceeding *pro se* and that her pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal citations and quotations omitted); *accord Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). A complaint, however, must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the Complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.*

Even if Plaintiff has paid the court's filing fee, a district court may dismiss the action, *sua sponte*, if it determines that the action is frivolous, *see Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 221, 363-64 (2d Cir. 2000); *see also Saleh v. United States*, — F. App'x, —, 2014 WL 4999991, at 1 (2d Cir. Oct. 8, 2014) (affirming district court's *sua sponte* dismissal of fee-paid complaint as frivolous), or that the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *Wynn v. AC Rochester*, 273 F.3d 153, 157 (2d Cir. 2001).

## DISCUSSION

An action is frivolous when "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy." *Livingston v. Adirondack Beverage Co.*, 141

F.3d 434, 437 (2d Cir. 1998) (internal quotations and citations omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *see also Scanlon v. Vermont*, 423 F. App'x 78, 79 (2d Cir. 2011) (summary order) ("An action is frivolous if it lacks an arguable basis in law and fact—i.e., where it is 'based on an indisputably meritless legal theory' or presents 'factual contentions [which] are clearly baseless.'") (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

Here, Plaintiff's claims of unlawful eavesdropping, wiretapping and video surveillance by Defendants are clearly frivolous. *See, e.g.*, Compl. at 3, 8. Furthermore, Plaintiff alleges that Defendants have installed a device under her clothing "to reveal intimate part's [*sic*] of the body." Compl. at 20. Because the Complaint is devoid of any basis in law or fact, defects which cannot be cured by amendment, the Complaint is dismissed as frivolous.

Even if Plaintiff's Complaint were not frivolous, the Court does not have subject matter jurisdiction over the claims. Federal courts are courts of limited jurisdiction and may not preside over cases if they lack subject matter jurisdiction. *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000). The basic statutory grants of federal court subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for "[f]ederal question" jurisdiction, § 1332 for "[d]iversity of citizenship" jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim "arising under" the Constitution or laws of the United States. She properly invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional

3

amount, currently $75,000. *See* § 1332(a).

Lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the Court *sua sponte*. *See Henderson ex rel. Henderson v. Shineski*, — U.S. —, 131 S.Ct. 1197, 1202 (2011). If a court lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

Notwithstanding Plaintiff's allegation that this Court's jurisdiction "is invoked pursuant to the term's [*sic*] of a warrant setforth [*sic*] by the Justice of a court to cease eavesdropping wiretapping and video surveillance," Compl. ¶ 2, Plaintiff's Complaint suggests no basis for federal jurisdiction. First, Plaintiff alleges that "Defendant's [*sic*] violates all of plaintiff['s] civil and constitutional rights on account of eavesdropping and video surveillance devices lacking due process of the law," Compl. at 13, but she does not allege any facts to demonstrate that Defendants Jamal Bryant and Gisele Bryant are acting under color of state law as required to state a claim under the civil rights statute, 42 U.S.C. § 1983. *See S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 132 (2d Cir. 2010) ("the district court has subject matter jurisdiction unless the purported federal claim . . . is wholly insubstantial and frivolous.") (internal quotation marks omitted). Second, Plaintiff has not pleaded any basis for a federal court to exercise diversity jurisdiction in this matter. Although she and the Defendants are alleged to be diverse in citizenship, Plaintiff has failed to plead any amount in controversy, let alone an amount in excess of $75,000. *See, e.g., Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273 (1994) ("[T]he party asserting diversity jurisdiction in federal court has the burden of establishing the existence of the jurisdictional amount in controversy."); *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1984) ("A party invoking the jurisdiction of

the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount.").

## CONCLUSION

For the reasons set forth above, Plaintiff's Complaint is DISMISSED as frivolous or, in the alternative, for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Although Plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully requested to close this case.

**SO ORDERED.**

/S/ Judge William F. Kuntz, II

WILLIAM F. KUNTZ, II
United States District Judge

Dated: November 12, 2014
Brooklyn, New York

5